IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRESSA DIXON-GIBSON,

    Plaintiff,

v.             C.A. No. 11-884-LPS

STATE OF DELAWARE
DEPARTMENT OF LABOR
    Defendant.

## MEMORANDUM ORDER

1. By her complaint (D.I. 1), Plaintiff, Tressa Dixon-Gibson, seeks damages for wrongful termination in violation of the provision of the Family and Medical Leave Act of 1993 ("FMLA") which guarantees leave for self-care. See 29 U.S.C. § 2612(a)(1)(D).[1] Defendant, the State of Delaware Department of Labor, filed a motion to dismiss on multiple grounds, including 11th Amendment sovereign immunity. (D.I. 7)

2. Defendant's assertion of sovereign immunity constitutes a facial challenge to the Court's subject matter jurisdiction. The Court "must dismiss Plaintiff's claims if 'the allegations on the face of the complaint, taken as true, [do not] allege facts sufficient to invoke [its] jurisdiction.'" *Karam v. Delaware DSCYF*, 2010 WL 5343182, at *2 (D. Del. Dec. 15, 2010) (quoting *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Circ. 1994)). Where a state's sovereign immunity is neither abrogated by Congress nor waived by the state, a suit by a citizen seeking damages against a state in federal court must be dismissed for lack of subject matter

---

[1] Although the complaint appeared to allege a Title VII violation as well, Plaintiff clarified in briefing on the pending motion that she is only asserting an FMLA claim. (D.I. 11 at 2-4; *see also* D.I. 12 at 10)

1

jurisdiction. *See id.* The same analysis applies to a suit against a state entity that qualifies as an "arm of the state." *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997).

3. The State of Delaware has not waived its sovereign immunity with regard to FMLA self-care suits. *See generally Karam*, 2010 WL 5343182, at *5 ("[T]here is no indication that Defendant [Delaware Department of Services for Children, Youth, and Their Families] has waived sovereign immunity under the FMLA."). There is also no dispute that the State of Delaware Department of Labor is an arm of the state.

4. In *Coleman v. Court of Appeals of Maryland*, 626 F.3d 187 (4th Cir. 2010), the Fourth Circuit held that sovereign immunity bars suits under the self-care provision of the FMLA. *See also Chittister v. Dept. of Community and Economic Development*, 226 F.3d 223, 229 (3d Cir. 2000) (holding same). The Supreme Court granted certiorari to review *Coleman*. *See* No. 10-1016, 131 S.Ct. 3059 (2011). In briefing the pending motion to dismiss, Plaintiff effectively acknowledged that the Court's decision in *Coleman* would be dispositive in this proceeding. (D.I. 11 at 6 (Plaintiff stating, "The issue of Eleventh Amendment and sovereign immunity applying to the FMLA's self-care provision is currently pending before the United States Supreme Court in *Coleman* . . . ."); *id.* at 10 ("In regard[] to the state sovereign immunity issues, plaintiff requests this Court not make a decision until there is a ruling in *Coleman v. Maryland Court of Appeals* (10-1016)."); D.I. 12 at 2)

5. On March 20, 2012, the Supreme Court affirmed the Fourth Circuit's decision in *Coleman*. *See* \_\_ U.S. \_\_, 2012 WL 912951, at *3 (Mar. 20, 2012). The Supreme Court stated: "[i]n agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States under this provision [i.e., the self-care provision, 29 U.S.C.

2

§ 2612(a)(1)(D),] are barred by the States' immunity as sovereigns in our federal system." *Id.*

Accordingly, Plaintiff's instant suit is barred by sovereign immunity and must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss (D.I. 7) is GRANTED. The Clerk shall CLOSE the case.

Dated: August 15, 2012

UNITED STATES DISTRICT JUDGE